UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUZ ROSADO-CABRERA,
et al.,

      Plaintiffs,

v.                                                  Case No. 8:20-cv-2008-TPB-JSS

PFIZER, INC., et al.

      Defendants.
_____/

## ORDER GRANTING IN PART AND
## DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on "Defendants' Motion to Dismiss," filed on September 29, 2020. (Doc. 11). Plaintiffs filed a response in opposition to the motion on October 19, 2020. (Doc. 17). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[1]

Plaintiffs Luz Rosado-Cabrera, June Brend, Cathy Seidenstein, Gary Poley, Mark Adams, Richard George, and Gerard Nichols have sued Defendants Pfizer, Inc, Pharmacia LLC, Parke, Davis & Co. LLC, and Warner-Lambert Company LLC. Plaintiffs generally allege that at various times beginning in the 1970s they were prescribed an anti-seizure medication known as Dilantin that caused them severe

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

and permanent brain injury and accompanying physical disabilities.  Plaintiffs allege that despite Defendants' knowledge of potential risks associated with use of Dilantin, Defendants failed to warn about those risks and concealed them.  Plaintiffs also allege that Dilantin lacks efficacy and should not be on the market, and that it was subject to manufacturing defects.

Plaintiffs' complaint asserts counts for:   Strict Product Liability - Failure to Warn (Count I), Strict Product Liability - Defective Design and Manufacturing Defect (Count II), Fraud, Fraudulent Concealment and Intentional Misrepresentation (Count III), Breach of Implied Warranty (Count IV), Breach of Express Warranty (Count V), Negligence and Negligent Misrepresentation (Count VI), Gross Negligence (Count VII), and Alter Ego, Corporate Liability and Civil Conspiracy (Count VIII).  Defendants have moved to dismiss the complaint, arguing that Plaintiffs' claims are barred by Florida's 12-year product liability statute of repose.  In the alternative, Defendants argue that the complaint should be dismissed as a shotgun pleading.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Statute of Repose*

Defendants argue that the allegations of the complaint demonstrate that Plaintiffs' claims are barred by the statute of repose. The statute of repose bars claims for product liability where the "harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser . . . ." § 95.031(2)(b), *F.S.* The statutory time bar, however, does not apply in certain situations. Where the plaintiff uses or is exposed to the product within the repose period, but the resulting injury does not manifest itself until after the repose period has expired, the statute of repose does not apply. § 95.031(2)(c), *F.S.*; *see also*

*Diamond v. E.R. Squibb & Sons, Inc.*, 397 So. 2d 671 (Fla. 1981) (rejecting application of the statute of repose where injury from ingestion of drug did not manifest itself until after the repose period).  The running of the statute is also tolled for any period during which the manufacturer had knowledge that the product was defective and "took affirmative steps to conceal the defect."  § 95.031(2)(d), *F.S.*

To prevail on this affirmative defense at the motion to dismiss stage, Defendants must demonstrate that the allegations of the complaint on their face clearly and conclusively show that Plaintiffs' claims are barred.  *See, e.g., Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988).  Defendants cannot meet this high burden.  The complaint's allegations present issues of fact regarding the dates the various Plaintiffs ingested the product, the dates resulting injuries actually occurred, the dates on which the injuries manifested themselves, and whether one or more Defendants fraudulently concealed the alleged defects.  These issues preclude a determination of the statute's applicability prior to further development of the facts in discovery.  Accordingly, Defendants' motion to dismiss based on the statute of repose is denied.

***Shotgun Pleading***

Defendants alternatively argue that the complaint constitutes an impermissible shotgun pleading.  A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive

pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).  A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiffs' complaint is a shotgun pleading.  The complaint injects a real risk of confusion by incorporating into each count not only all the general allegations of fact, but the specific allegations in each preceding count, thereby committing the "mortal sin" described in prong one of *Weiland*.  *See* 792 F.3d at 1322-23.  Plaintiffs compound this defect by attempting to incorporate by reference not only the *preceding* allegations and counts, but even *succeeding* allegations and counts.  *See,*

*e.g.*, (Doc. 1 at 60, ¶ 185).  While in theory Defendants might be able with effort to determine which paragraphs do and do not relate to a particular count, they should not be required to do so, particularly in a case involving multiple Plaintiffs, multiple Defendants, multiple theories of liability, and an alleged course of conduct that spans decades.

Additionally, while the complaint does attribute some specific conduct to each Defendant, many of the allegations are directed simply to the "Defendants" without differentiation.  Plaintiffs' response that the failure to distinguish the acts of the various corporate Defendants is harmless because they are "effectively the same company" only exacerbates the problem.  Corporations are generally considered separate legal entities, and one corporation is not charged with liability for the conduct of the other unless a basis for doing so is pled and proven.  The final count of Plaintiffs' complaint throws in seemingly every conceivable legal theory that might provide such a basis, regardless of factual and legal consistency and without specifying the factual basis for liability of each Defendant under each different theory.  This is not proper pleading and makes it impossible to sort out which Defendants are alleged to be liable based on their own acts, which Defendants are alleged to be liable on some other theory, and the specific factual basis for each.  As such, the complaint is due to be dismissed without prejudice as a shotgun pleading, with leave to amend in order to cure the defects noted here.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss" (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**.

2. To the extent the motion seeks dismissal of the complaint as a shotgun pleading, it is **GRANTED**.

3. The motion is otherwise **DENIED**.

4. The complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint on or before March 5, 2021. Failure to file an amended complaint by the deadline will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of February, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**